IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:10-CR-153 |
| OMAR RIVERA, and ROCENDO RIVERA, | ) | (PHILLIPS/GUYTON) |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on January 12, 2011, for a scheduled pretrial conference and motion hearing on the Defendants' motions to continue the trial date [Docs. 15 and 16], both filed on December 21, 2010. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Attorney Paula R. Voss represented Defendant Omar Rivera. Attorney Michael B. Menefee represented Defendant Rocendo Rivera. Both Defendants were also present and participated with the aid of an interpreter.

In their motions, the Defendants ask the Court to continue the trial and to extend the deadline for filing pretrial motions because defense counsel need additional time to review the voluminous discovery and to meet with the Defendants with the aid of an interpreter. Defendant Omar Rivera notes that the discovery in this case includes forty-six CD's and DVD's, many containing extensive audio recordings of conversations in Spanish. Both Defendants note that

1

counsel cannot advise them with regard to the need for pretrial motions or prepare for trial until counsel are able to meet with the Defendants and review the discovery with the aid of an interpreter. On December 22, 2010, the Court extended [Doc. 17] the Defendant's motion-filing deadline to January 21, 2010, and deferred its ruling on the motions to continue the January 26 trial date to the January 12 hearing.

At the motion hearing, Attorney Voss requested an additional one-week extension of the motion deadline, explaining that due to the recent inclement weather conditions, she had not been able to meet with an interpreter to review audio recordings that are in Spanish. Attorney Menefee joined in this request to extend the motion deadline, noting that he had also had difficulty meeting with his interpreter to listen to tapes because his interpreter had a family emergency. Both defense counsel stated that they had advised the Defendants that they were waiving their speedy trial rights by requesting a trial continuance and that they would remain in custody pending the new trial date. The Government did not object to an extension of the motion deadline or to a continuance of the trial. The parties agreed on a new trial date of May 17, 2011.

The Court finds the Defendants' motions [Docs. 15 and 16] for a continuance to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). In this case, the Defendants are charged [Doc. 3] with conspiring with each other and others to distribute cocaine over an eight-month period. The Defendants also face two counts of distribution of cocaine and two counts of use of a firearm in connection with these alleged drug-trafficking crimes. Defendant Rocendo Rivera faces an additional count of being an illegal alien in possession of a firearm and ammunition. The discovery provided by the Government is voluminous, involving some forty-six discs of material,

much of which is in Spanish. The Defendants have requested and the Court has granted an extension of the motion-filing deadline to January 21, 2010. Recent inclement weather and family obligations of an interpreter have necessitated that the motion deadline be extended an additional week to January 28, 2010.

The Court finds that defense counsel need time to review discovery, to meet with their clients, and to file pretrial motions. Once any pretrial motions are filed and the Government has submitted responses, the Court will need time to conduct hearings on any pending motions and time, not to exceed thirty days, to rule upon such motions. See 18 U.S.C. § 3161(h)(1)(D) & (H). The parties may need time to object to rulings on motions, and the District Court would need time, in such case, to rule upon the objections. Finally, the parties need time to prepare for trial, particularly in light of the rulings on any new motions. The Court finds that all of this could not take place before the January 26, 2011 trial date or in less than five months. Thus, the Court finds that the failure to grant a continuance would deprive the parties of time to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendants' motions to continue the trial [**Docs. 15 and 16**] are **GRANTED**. The trial of this matter is reset to **May 17, 2011**, pursuant to the parties' agreement. The Court also finds that all the time between the filing of the motions to continue on December 21, 2010, and the new trial date of May 17, 2011, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to further scheduling, the Court set a new motion-filing deadline of **January 28, 2011**. Responses to pretrial motions are due on **February 11, 2011**. The parties are to appear before the undersigned for a final pretrial conference on **May 2, 2011, at 11:00 a.m.** This date shall also be the new

deadline for concluding plea negotiations. Finally, the Court instructs the parties that all motions *in limine* must be filed no later than **May 2, 2011**. Special requests for jury instructions shall be submitted to the District Court no later than **May 6, 2011**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendants' motions to continue the trial [**Docs. 15 and 16**] are **GRANTED**;

(2) The trial of this matter is reset to commence on **May 17, 2011**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the filing of the motions to continue on **December 21, 2010**, and the new trial date of **May 17, 2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Pretrial motions are due on or before **January 28, 2011**;

(5) Responses are due on **February 11, 2011**;

(6) A final pretrial conference before the undersigned is set for **May 2, 2011, at 11:00 a.m.**;

(7) The plea cutoff deadline in this case is also **May 2, 2011**;

(8) Motions *in limine* must be filed no later than **May 2, 2011**; and

(11) Special requests for jury instructions with the appropriate citation to authority shall be submitted to the District Court no later than **May 6, 2011**.

**IT IS SO ORDERED.**
ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge